Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 541-3133
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHLAND CONTRACTING, INC. ET AL. and Does 1-5 Inclusive, <br><br> Defendant(s). | Case No.: CV-19-00530 WRP <br><br> CONSENT DECREE; ORDER; EXHIBIT A <br><br> The Honorable Wes Reber Porter <br> United States Magistrate Judge |

1

I.

<u>INTRODUCTION</u>

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC") and Defendants, Southland Contracting, Inc., Mole Constructors, Inc. and Southland Mole JV ("Defendants" or "Southland") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendants in <u>U.S. Equal Employment Opportunity Commission v. Southland Contracting, Inc. et al. and Does 1-5, inclusive</u>; Civil No. 19-00530 WRP-NONE (the "Action"). On September 30, 2019, Plaintiff filed this Action in the United States District Court, District of Hawaii, for violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et. seq.* ("Title VII"). The Action alleged that Southland's male supervisors and co-workers sexually harassed female employees and affected employees were constructively discharged either as a result of retaliation or were forced to resign when the sexual harassment became unbearable.

II.

<u>PURPOSES AND SCOPE OF THE CONSENT DECREE</u>

A.     The Decree is made and entered into by and between the EEOC and Defendants and shall be binding on and enforceable against Defendants as well as

their officers, directors, agents, successors and assigns.  Collectively, the EEOC and Defendants, are referred to herein as the "Parties" or individually as a "Party."

B.      The Parties have entered into this Decree for the following purposes:

1.      To provide appropriate monetary and injunctive relief;

2.      To ensure company-wide employment practices in compliance with federal law;

3.      To ensure a work environment free from sexual harassment and retaliation;

4.      To ensure company-wide training in employment discrimination law, especially as it relates to sexual harassment and retaliation;

5.      To ensure appropriate recording keeping, reporting, and monitoring; and

6.      To satisfy the Defendants' interests in fully and finally resolving all disputes and controversies arising out of the subject matter of this Action.

C.      This Decree shall not be construed as an admission by Defendants of any violation of Title VII as alleged in this Action.

III.

## RELEASE OF CLAIMS

A.     This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendants in this Action, and it constitutes a complete resolution of all of the EEOC's claims of unlawful employment practices under Title VII that arise from the Letter of Determination issued for the Charge of Discrimination No.  486-2016-00347 ("Charge") filed by Charging Party Kailani Handley ("Charging Party").

B.     Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with Title VII or any other federal employment statute.

C.     Nothing in this Decree shall be construed to preclude any Party from bringing suit to enforce this Decree in the event that any Party fails to perform the promises and representations contained herein.

D.     This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures.

IV.

## JURISDICTION

A.      The Court has jurisdiction over the Parties and the subject matter of this litigation.  The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable and just.  This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B.      The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement or modify the relief provided herein including but not limited to an extension of the Decree.

V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

VI.

## MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.      By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of the Decree.

VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.      The Parties expressly agree that if the EEOC has reason to believe that Defendants have failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendants through Defendants' legal

counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Defendants breached. Defendants shall have thirty (30) days to attempt to resolve or cure any non-monetary breach. In the event of a monetary breach, the EEOC may petition this Court for resolution and seek all available relief without the need for the EEOC to first notify Defendants of any monetary breach in writing or allow time for Defendants to attempt to resolve or cure any monetary breach.

B.      The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC's written notice required by Section VII-A of this Decree.  After thirty (30) days have passed following the Parties' unsuccessful efforts to resolve such breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, and/or any other relief the Court deems appropriate.

VIII.

MONETARY RELIEF

A.      Defendants will pay the total of the gross amount of $200,000 ("Settlement Amount"), to be distributed, at the sole discretion of the EEOC, to Charging Party and any Eligible Claimant. The EEOC has sole discretion to

7

determine who is an Eligible Claimant. The EEOC defines an Eligible Claimant to take from the Settlement Amount if she was subjected to timely sexual harassment and/or retaliation in violation of Title VII.  The EEOC also has full and complete discretion to determine the characterization of such payments as damages, wages or otherwise, as hereinafter described in this Decree.

B.      The EEOC will provide Defendants with a Distribution List containing Charging Party's and any Eligible Claimant's current address, the amount to be paid, and the classification of such amounts to be paid.  The EEOC will also provide an IRS Form W9 for Charging Party and each Eligible Claimant. Within fifteen (15) days of the EEOC providing both the Distribution List and an IRS Form W9 for Charging Party and all Eligible Claimants, the Defendants shall send a check to the Charging Party and any Eligible Claimant via mail, return receipt requested.

C.      Any payment to Charging Party and any Eligible Claimant will be paid in two checks if applicable: (a) a non-wage compensation check will be issued for damages in the form of emotional pain and suffering, and for this payment Defendants, in the ordinary course, shall prepare and distribute any 1099 tax reporting form to Charging Party and any Eligible Claimant, if required by law, and shall make any appropriate report(s) to the Internal Revenue Service and other tax authorities; and (b) a wage payment, which payment will be treated as wages,

subject to deductions for federal and state withholding taxes and other deductions

Defendants ae required by law to make. Defendants shall pay the employer's

portion of all deductions required by law, including but not limited to FICA and

FUTA taxes, and such amounts shall not be deducted from payment of the

monetary Settlement Amount to Charging Party and any Eligible Claimant.

Defendants, in the ordinary course, shall prepare and distribute any W-2 form(s) to

Charging Party and any Eligible Claimant.  Within three (3) business days of

mailing the payments, Defendants shall submit a copy of the checks and any

related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal

Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los

Angeles, California 90012.  To the extent checks need to be reissued, the EEOC

will notify Defendants.

IX.

GENERAL INJUNCTIVE RELIEF

A.      Discrimination based on sex:

Defendants, including all officers, executives, managerial and non-

managerial employees, and all those in active concert or participation with them, or

any of them, are hereby enjoined from: (a) harassing or condoning harassment

against persons on the basis of their sex in the workplace and (b) engaging in or

being a party to any action, policy or practice that is intended or is known to them

9

to have the effect of harassing or intimidating any employee on the basis of their sex.

B.   <u>Retaliation</u>:

Defendants, including all officers, executives, managerial and non-managerial employees, and all those in active concert or participation with them, or any of them, are hereby enjoined from implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee of Defendants, because he or she has in the past, or during the term of this Decree:

1.   Opposed any practice made unlawful under Title VII;

2.   Filed a charge of discrimination alleging such practice;

3.   Participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of Title VII;

4.   Was identified as a possible witness or claimant in this action;

5.   Asserted any right under this Decree; or

6.   Sought and/or received any relief in accordance with this Decree.

X.

<u>SPECIFIC INJUNCTIVE RELIEF</u>

A.   <u>Internal and External Equal Employment Opportunity Coordinator</u>

Within thirty (30) days after the Effective Date, the Parties agree that Defendants shall designate an Internal Equal Employment Opportunity Coordinator ("Internal Coordinator") and an External Consultant to ensure Defendants' compliance with this Decree and the provisions of Title VII that prohibit sexual harassment and retaliation.  Defendants shall bear all costs associated with the selection and retention of the Internal Coordinator and the External Consultant and the performance of their duties.  The Internal Coordinator and the External Consultant shall have demonstrated experience in equal employment opportunity law, including retaliation and sexual harassment.  The Internal Coordinator and the External Consultant shall be subject to the EEOC's approval, which shall not be unreasonably withheld.  If EEOC does not approve of Defendants' initial selection, Defendants shall have an additional thirty (30) days after the original deadline to identify and retain an alternative Internal Coordinator or External Consultant.   If the Internal Coordinator or the External Consultant must be replaced during the duration of the Decree, Defendants shall propose a new designee subject to EEOC's approval.

The Internal Coordinator's responsibilities, with the assistance of the External Consultant, shall include:

1.      Ensuring that Defendants' procedures to handle complaints of sexual

harassment and retaliation comply with their obligations under Title VII and this

Decree;

2.      Reviewing and revising, with the External Consultant, Defendants' policies

and procedures to effectively carry out their obligations under Title VII and this

Decree;

3.      Ensuring that all employees are trained by the External Consultant on their

rights and responsibilities under Title VII, including but not limited to the

responsibilities to provide a workplace free of sexual harassment, discrimination

and retaliation;

4.      Ensuring that all employees are trained by the External Consultant on

Defendants' policies and procedures relating to sexual harassment, discrimination

and retaliation;

5.      Conducting audits, as described in Section X. B below, to ensure that

Defendants' managers, first line supervisors and site superintendents are held

accountable and to reinforce Defendants' Policy in prohibiting sexual harassment

and retaliation against female employees under Title VII, and reporting the

findings of such audits to the EEOC;

6.      Conducting additional interviews, and/or exit interviews and/or surveys, of

Defendants' female employees to follow up on any identified claims of sexual

harassment and retaliation, and reporting the findings of such interviews/surveys to the EEOC;

7.     Conducting independent investigations on all complaints of sexual harassment and/or retaliation and to ensure that all such investigations are conducted in compliance with Title VII;

8.     Ensuring that Defendants properly communicate with complainants regarding the complaint procedure, status of the complaint investigation, results of the investigation, and if any remedial action was taken;

9.     Ensuring that Defendants' reports required by this Decree are accurately compiled and timely submitted;

10.     Ensuring that Defendants' disciplinary policies hold managers, first line supervisors, site superintendents and human resources personnel accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

11.     Ensuring that Defendants create a centralized system of tracking discrimination, harassment, and retaliation complaints; and

12.     Ensuring that Defendants create and maintain a 1-800 hotline where discrimination and/or retaliation complaints can be made directly with the Internal Coordinator. The results of the calls and handling shall be incorporated into the

reporting to the EEOC as set forth below. This hotline shall be communicated to all employees.

     B.    <u>EEO Compliance Audits</u>

The Internal Coordinator shall conduct in person annual unannounced audits in at least five selected worksites to ensure that managers, first line supervisors and site superintendents are held accountable and to encourage female employees to report sexual harassment and/or retaliation.

The Internal Coordinator shall speak in person with all female employees at such worksites and ensure compliance with policy prohibiting sexual harassment and retaliation.

To seek employees' input, the audits will be conducted outside the presence of managers, first line supervisors and site superintendents, without their advance knowledge of the audit. The audit shall inquire into:

1) whether there are issues of harassment at the worksite;

2) whether the policies and procedures are followed specifically by supervisors and managers to report or identify harassment and whether employees have utilized any of the channels to report harassment and/or retaliation; and

3) whether corrective and preventative measures are being carried out by those identified to handle complaints of harassment or retaliation;

14

Audits will be accompanied by a full annual report about employee feedback and to be submitted to the EEOC.

C.     Interviews/Surveys

The Internal Coordinator shall conduct additional interviews, and/or exit interviews and/or surveys of Defendants' female employees to follow up on any identified claims of sexual harassment and retaliation. Such interviews will be accompanied by a full annual report to be submitted to the EEOC. If the interview responses indicate potential violations of Defendants' policy that prohibits sexual harassment and retaliation, the Internal Coordinator will further investigate the matter, and implement prompt and effective remedial actions as required based on the findings of the investigation.

D.     1-800 Complaint Hotline

Defendants shall create and maintain a 1-800 hotline where discrimination and/or retaliation complaints can be made directly with the Internal Coordinator. Defendants shall specifically inform all employees of the existence of the hotline in Defendants' revised Policy and during all trainings as provided for under this Decree. Employees shall also be informed that the complaints are made directly with the Internal Coordinator who shall independently conduct the investigation of such complaints.

E.      Policies and Procedures

Defendants shall review, revise (if and as necessary to comply with this Decree), distribute, and implement its policies and procedures against discrimination and retaliation prohibited by Title VII (the "Policy").  The Policy shall include:

1.      A clear explanation of prohibited conduct, including an explanation that harassment and discrimination on the basis of race, color, national origin, sex, age, disability, creed/religion, or any other protected class, and retaliation is prohibited with a particular emphasis that Defendants will not tolerate any incidents of sexual harassment or retaliation;

2.      Assurance that employees who make complaints of discrimination and/or retaliation or who provide information related to such complaints are protected against retaliation;

3.      A clearly described complaint process for discrimination and retaliation that provides accessible avenues of making a complaint against co-workers, including the complainant's supervisors, that allows for complaints to be initiated verbally, although it may require that the substance of the complaint be recorded later in writing;

4.      Ensure that Defendants will protect the confidentiality of discrimination and/or retaliation complaints to the extent feasible from being disclosed to those who do not need to know;

5.      A complaint process that provides a prompt, thorough, and impartial investigation, which includes the option of reporting complaints using Defendants' 1-800 Hotline with a clear description that such complaints are made directly with the Internal Coordinator who shall independently conduct the investigation of such complaints;

6.      An instruction that managers, first line supervisors and site superintendents shall report to human resource personnel or appropriate management incidents of harassment, discrimination, or retaliation that they witness or are aware of;

7.      Defendants' disciplinary policies hold managers, first line supervisors, site superintendents and human resources personnel accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

8.      A procedure for communicating with or responding to the complainant in writing regarding the status of the complaint /investigation, results of the investigation, and if any remedial action was taken; and

9.      That Defendants will take prompt corrective and preventative measures when they determine that discrimination and/or retaliation occurred which the Internal Coordinator will review to ensure compliance with Title VII.

Within sixty (60) days of the Effective Date of this Decree, Defendants shall provide to the EEOC a copy of the Policy.  Within ninety (90) days of the Effective Date of this Decree, Defendants shall ensure that they have distributed such Policy to each managerial and non-managerial employee.  Within one hundred (100) days of the Effective Date of this Decree, Defendants shall submit to the Commission a statement confirming distribution of the Policy.  For each new managerial or non-managerial employee hired after the initial distribution of the Policy described above, Defendants shall ensure that the new employee and/or manager receives the Policy within thirty (30) days of employment.

      F.    <u>Training</u>

1.    <u>Sexual Harassment and Anti-Retaliation Training</u> - Within one hundred and twenty (120) days of the Effective Date of this Decree, and annually thereafter throughout the term of this Decree, Defendants shall provide live and interactive training through the External Consultant of at least three hour duration to each officer, manager, first line supervisor and site superintendent. The training shall cover the Policy and federal laws regarding sexual harassment and retaliation, with an emphasis on what constitutes sexual harassment and protected activities for the purpose of retaliation under Title VII, how to identify sexual harassment and retaliation at the worksites, what it means to take corrective and preventative measures, how sexual harassment and/or retaliation complaints should be handled,

as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII violations. The training shall also cover practices that prevent harassment, including sexual harassment, stop bullying, foster bystander intervention and civility in the work place.   All persons required to attend such training shall verify their attendance in writing.  Within thirty (30) days before this training, Defendants, through the External Consultant, shall submit to the EEOC a statement describing the training they intend to provide, and a copy of the materials they intend to use in this training. The EEOC shall review the training materials (recommend changes if necessary and ensure such changes are made prior to trainings). The Internal Coordinator shall report on the effectiveness of the training to the EEOC.

2.      Within one hundred and twenty (120) days of the Effective Date of this Decree, and annually thereafter throughout the term of this Decree, Defendants shall provide live and interactive training through the External Consultant of at least two hour duration to all non-management/supervisory employees at their worksites located in the United States covering the Policy and federal laws regarding sexual harassment and retaliation, with an emphasis on what constitutes sexual harassment and protected activities for the purpose of retaliation under Title VII, how sexual harassment and/or retaliation complaints should be filed and processed, the option of reporting complaints using Defendants' 1-800 Hotline and

how such complaints are made directly with the Internal Coordinator who shall independently conduct the investigation of such complaints, as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII violations. The training shall also cover practices that prevent harassment, including sexual harassment, stop bullying, foster bystander intervention and civility in the workplace.  All persons required to attend such training shall verify their attendance in writing.  Within thirty (30) days before each training, Defendants, through the External Consultant, shall submit to the EEOC a statement describing the training they intend to provide, and a copy of the materials they intend to use in this training.  The EEOC shall review the training materials (recommend changes if necessary and ensure such changes are made prior to training). The Internal Coordinator shall report on the effectiveness of the training to the EEOC.

3.     Human Resources Training – Within ninety (90) days of the Effective Date of this Decree, and annually thereafter throughout the term of this Decree, Defendants shall, through the External Consultant, provide all Human Resources employees whose responsibilities include the administration and enforcement of Defendants' Policy against sexual harassment and retaliation, training on how to take preventative and corrective measures against discrimination, harassment and retaliation; how to recognize and stop harassment, discrimination, and retaliation

and how to investigate complaints of discrimination, harassment or retaliation.  All persons required to attend such training shall verify their attendance in writing. Within thirty (30) days before each training, Defendants, through the External Consultant, shall submit to the EEOC a statement describing the training they intend to provide, and a copy of the materials they intend to use in this training. The EEOC shall review the training materials (recommend changes if necessary and ensure such changes are made prior to trainings). The Internal Coordinator shall report on the effectiveness of the training to the EEOC.

4.     Verification

Within one hundred and fifty (150) days of the Effective Date of this Decree and annually thereafter throughout the term of this Decree, Defendants shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

The EEOC shall have the right to attend the trainings described in the Decree.  Thirty (30) days prior to any training, Defendants shall provide written notice to the EEOC including the time, location, name and contact information of the trainer.  The written notice to the EEOC shall be sent via U.S. Mail to the

attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment
Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles,
California, 90012.

G.    Performance Evaluations

Within one hundred and twenty (120) days of the Effective Date of this
Decree, Defendants shall create a provision in the annual performance evaluation
of their managers, first line supervisors, site superintendents and human resources
personnel to hold individuals accountable for failing to appropriately remedy or
report incidents of harassment/discrimination, or retaliation for engaging in
harassment/discrimination or retaliation, and for failing to comply with
Defendants' policies and procedures regarding harassment, retaliation, or
discrimination. Defendants shall also implement a positive recognition provision
for managers, first line supervisors, site superintendents and human resources
personnel who report harassment/discrimination and/or retaliation or respond
appropriately to complaints of discrimination, harassment and/or retaliation.

H.    Record Keeping

Defendants shall establish a record-keeping procedure that provides for the
centralized tracking of Title VII discrimination, harassment, and retaliation
complaints and the monitoring of such complaints to prevent retaliation.  The
records to be maintained shall include:

1.      All documents generated in connection with any complaint, investigation into, or resolution of every complaint of discrimination, harassment, and retaliation for the duration of the Decree and the identities of the parties involved;

2.      All forms acknowledging employees' receipt of the Policy as required under this Decree;

3.      All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

4.      All documents generated in connection with the monitoring, counseling, or disciplining of employees whom Defendants determined to have engaged in behavior that may amount to sexual harassment or be retaliatory;

5.      All documents generated in connection with Defendants' confidential follow-up inquiries into whether any complainant believes he or she has been sexually harassed and/or retaliated against;

6.      All documents generated in connection with the establishment or review of performance evaluation measures for managers, first line supervisors, site superintendents and human resources personnel; and

7.      All documents generated in connection with disciplinary action or terminations.

Defendants will make the aforementioned records available to the EEOC within thirty (30) business days following a written request by the EEOC.

I.      Posting

Within thirty (30) business days after the Effective Date of this Decree, and throughout the term of this Decree, Defendants shall post the notice attached to the Decree as Exhibit A, in a clearly visible location frequented by employees at all of Defendants' facilities during the term of this Decree.  The notice shall remain posted for the duration of the decree.

J.      Reporting

Defendants, through their Internal Coordinator, shall provide the EEOC with the following reports annually throughout the term of this Decree beginning one year from the Decree's Effective Date:

1.      The attendance lists of all attendees for all training sessions required under this Decree that took place during the previous twelve months;

2.      A description of all Title VII sexual harassment and/or retaliation complaints made since the submission of the immediately preceding report hereunder.  This description shall include the names of the individuals alleging sexual harassment and/or retaliation, the nature of the sexual harassment and/or retaliation, the names of the alleged perpetrators of the sexual harassment and/or retaliation, the dates of the alleged sexual harassment and/or retaliation, a brief summary of how each complaint was resolved, and the identity of the individuals who investigated and/or

resolved each complaint.  If no results have been reached as of the time of the report, the result shall be included in the next report;

3.      A confirmation that the Record Keeping requirement as set forth in subsection H is in full compliance throughout the duration of the Decree;

4.      A confirmation that the Notice Posting requirement as set forth in subsection I is in full compliance throughout the duration of the Decree;

5.      An analysis of the investigation of any complaints, including the monitoring and any disciplining done, whenever there have been multiple complaints made against the same person;

6.      A copy of the policy against and complaint procedure for Title VII discrimination and/or retaliation after consultation with the External Consultant in compliance with the Consent Decree;

7.      A summary of the procedures and record-keeping methods developed for centralized tracking of discrimination, harassment, and retaliation complaints and the monitoring of such complaints;

8.      A summary report of the Internal Coordinator's investigation into any complaint alleging sexual harassment/retaliation as outlined in Section X. J. 2 above.  The investigation report shall include the following for each complaint during the reporting period:

          (a)      the name and title of the complaining party(ies);

(b)     the date of the complaint;

(c)     the name and title of the alleged harasser(s)/offender(s);

(d)     the name and title of the person(s) who conducted the investigation into the complaint;

(e)     the nature of the complaint (i.e. comments, acts, etc.);

(f)     the date of the commencement and completion of the investigation;

(g)     a brief description of the investigation (i.e. number of persons interviewed, materials reviewed);

(h)     the outcome of the investigation and any action taken; and

(i)     whether previous sexual harassment and/or retaliation complaints have been made regarding the alleged harasser(s)/offender(s).  If so, the report should also include the outcome of the prior investigations, a review of the monitoring done when previous complaints have been made against the alleged harasser(s)/offender(s), as well as any investigation or resolution;

9.     A report detailing all the calls received at the 1-800 hotline. The report shall include for each call: the name of the caller; the name of the alleged harasser/offender; the date of the call; brief description of the complaint; how the complaint was handled; and the outcome of the complaint and any action taken;

10.     A report detailing the performance evaluation (including any positive recognition) given to managers, first line supervisors, site superintendents and human resources personnel as described in subsection G above;

11.     A report on the results of the audits conducted, what was observed, who was interviewed, and what course of action, if any, were taken, and an assessment of how effective the Defendants are in addressing any issues related to sexual harassment and retaliation;

12.     A report of the additional interviews, and/or exit interviews, and/or surveys of Defendants' female employees, what was noted in the interviews, who was interviewed, a brief description of any identified claims of sexual harassment and retaliation, and what actions have been taken to follow up on those identified claims; and

13.     A report on the provisions of the Decree on Defendants' compliance as set forth in the preceding sections.

All reports under this Paragraph shall be directed to:  Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

XI.

COSTS OF ADMINISTRATION AND IMPLEMENTATION

OF CONSENT DECREE

Defendants shall bear all costs associated with its administration and implementation of their obligations under this Consent Decree.

XII.

COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

XIII.

MISCELLANEOUS PROVISIONS

A.     During the term of this Consent Decree, Defendants shall assure that each of their officers, managers, first line supervisors, site superintendents and human resources personnel is aware of any term(s) of this Decree which may be related to his/her job duties.

B.     Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

28

C.      The Parties agree to entry of this Decree and judgment subject to final

approval by the Court.

All parties, through the undersigned, respectfully apply for and consent to this

entry of this Consent Decree Order.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date: October 2, 2019                     _____/s/ Anna Y. Park_____
                                          By:  Anna Y. Park
                                               Attorneys for Plaintiff EEOC


MARR JONES & WANG LLP

Date: October 1, 2019                     _____/s/ Chris Cole_____
                                          By:  Chris Cole
                                               Attorney for Defendants


## ORDER

The provisions of the foregoing Consent Decree are hereby approved and

compliance with all provisions thereof is HEREBY ORDERED.

DATED, HONOLULU, HAWAII, OCTOBER 10, 2019.

_____
Wes Reber Porter
United States Magistrate Judge



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Honolulu Local Office**

**<u>Notice of Entry of Consent Decree</u>**

This Notice is posted pursuant to a Consent Decree entered by the federal court in U.S. Equal Employment Opportunity Commission v. Southland Contracting, Inc. et al., Case No. CV 19-00530 WRP, settling a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC").

In its suit, the EEOC alleged that male supervisors and co-workers of Southland Contracting, Inc. engaged in sexually harassing conduct against multiple female employees, in violation of Title VII of the Civil Rights Act of 1964, as amended. Southland Contracting, Inc. et al. deny any wrongdoing, but have agreed to post this notice.

To resolve this lawsuit, the parties have entered into a Consent Decree which requires Southland Contracting, Inc. et al. to:

1) provide monetary relief to the employee who experienced sexual harassment;
2) forbid sexual harassment and retaliation in the future;
3) review, revise and redistribute their policies and procedures regarding sexual harassment and retaliation;
4) hire an External Consultant and designate an Internal EEO Coordinator; and
5) provide training to management and employees regarding harassment on the basis of sex and retaliation.

Southland Contracting, Inc. et al. are committed to complying with federal anti-harassment and anti-retaliation laws in all respects.  They will not tolerate harassment, and will not tolerate retaliation against any employee because of the filing of a charge of discrimination, giving testimony or assistance, or participation in any manner in any investigation.

The EEOC enforces federal laws against discrimination in employment regarding disability, race, color, religion, national origin, sex, pregnancy, and age.  If you believe you have been discriminated against, you may contact the EEOC at:

**U.S. Equal Employment Opportunity Commission**
**300 Ala Moana Boulevard, Room 4-257**
**Honolulu, Hawaii 96850**
**Telephone:  1-800-541-3118**

The EEOC charges no fees and can speak languages other than English.

**<u>THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED</u>**

This Notice must remain posted for 3 years from the effective date of the Consent Decree and must not be altered, defaced or covered by any other material.

EXHIBIT A